Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Kevin McMillen; | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| The Hallstrom Law Firm, PLLC; and Kyle Hallstrom; | |
| Defendants. | (Jury Trial Demanded) |

**Preliminary Statement**

1. Defendants invaded Plaintiff's privacy by requesting, obtaining and using Plaintiff's consumer report without a permissible purpose in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*.

**Jurisdiction and Venue**

2. Jurisdiction over this action is premised upon 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this District under 28 U.S.C. § 1391(b), in that the Defendants' conduct complained of herein occurred within the District.

## Parties

4. Plaintiff Kevin McMillen is an individual residing in Maricopa County, Arizona.

5. McMillen is a "consumer" as defined by 15 U.S.C. § 1681a(c).

6. Defendant The Hallstrom Law Firm, PLLC ("Law Firm") is an Arizona professional limited liability company doing business in Arizona, with its principal place of business located at 1221 E. Osborn Road, Suite 101, Phoenix, AZ, 85014.

7. The Law Firm is a "person" as defined by the FCRA, 15 U.S.C. § 1681a(b).

8. Defendant Kyle Hallstrom is an Arizona licensed attorney.

9. Hallstrom is the sole owner of the Law Firm and is the principal attorney in the firm.

10. Hallstrom manages and controls the day to day operations of the Law Firm.

11. Hallstrom is a "person" as defined by the FCRA, 15 U.S.C. § 1681a(b).

12. Hallstrom and the Law Firm are collectively referred to as "Defendants."

## Factual Allegations

13. A judgment was entered in the Third District Court of Summit County, Utah in favor of Nicole N. Alexander ("Alexander"), a Utah resident, and against McMillen for spousal support.

14. In September 2019, Alexander hired Hallstrom and the Law Firm to

1 collect the Utah judgment here in Arizona.

2 15. On October 4, 2019 Defendants domesticated the judgment in the
3 Maricopa County Superior Court of Arizona, case number CV2019-
4 013141.

5 16. Prior to domesticating the judgment, however, Defendants acquired a
6 consumer report on McMillen from Experian.

7 17. Experian Information Solutions, Inc. is a "consumer reporting agency"
8 ("CRA") as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

9 18. Experian acts as a data repository, assembling and storing information
10 on consumers for the purpose of furnishing consumer reports to third
11 parties.

12 19. The FCRA regulates the permissible purposes for which a CRA may
13 furnish a consumer report. *See* 15 U.S.C. § 1681b(f).

14 20. The FCRA also regulates and limits the obtaining of a consumer report
15 and its use to only those purposes allowed under 15 U.S.C. § 1681e. *See*
16 15 U.S.C. § 1681b(f).

17 21. Defendants are subscribers with Experian and regularly access
18 consumer reports as part of its practice of debt collection.

19 22. On September 30, 2019, Defendants requested and obtained a copy of
20 McMillen's consumer report from Experian.

21 23. Defendants used the information obtained from the Experian
22 consumer report in their pursuit of McMillen in attempting to collect
23 the judgment from him.

24 24. The judgment Defendants were attempting to collect from McMillen
25 did not stem from a "credit transaction," as required for a permissible

1 purpose for obtaining and using a consumer report under the FCRA.
2 15 U.S.C. § 1681b(a)(3)(A).
3 25. The Experian report Defendants requested and obtained on McMillen
4 was a "consumer report" as that term is defined by the FCRA, 15
5 U.S.C. § 1681a(d).
6 26. At the time the Experian report was requested and obtained,
7 Defendants had no permissible purpose under the FCRA.
8 27. At the time Defendants requested and obtained the Experian report,
9 they knew, or should have known, that they did not have a permissible
10 purpose to access McMillen's consumer report.
11 28. The actions of Defendants complained of herein caused harm and
12 damages to McMillen within the State of Arizona.
13 29. Defendants knew that obtaining the Experian consumer report on
14 McMillen was an invasion of his privacy, and would cause him extreme
15 emotional harm and damages, and other damages.
16 30. Defendants accessed McMillen's consumer report in order to gain an
17 advantage in their attempt to collect the state court Judgment from
18 him.

**Count I.  Violation of FCRA**

*Negligently Obtaining Consumer Report*

*Without Permissible Purpose*

22 31. Plaintiff incorporates the preceding paragraphs.
23 32. Defendants acted negligently in requesting and obtaining McMillen's
24 consumer report without a permissible purpose.
25 33. Defendants' conduct in requesting and obtaining McMillen's consumer

1            reports without a permissible purpose violated 15 U.S.C. §1681b(f).
2     34.    As a result of Defendants' violations of the FCRA, McMillen has
3            suffered actual damages, including, but not limited to, invasion of
4            privacy, emotional distress, extreme frustration, anger, worry, anxiety,
5            sleeplessness, and other extreme emotional distress.
6            WHEREFORE, Plaintiff requests that this Court enter judgment in his
7     favor and against Defendants as follows:
8            a.    pursuant to 15 U.S.C. § 1681*o*(a)(1), award Plaintiff his actual
9                  damages suffered as a result of the impermissible access of his
10                 consumer reports;
11           b.    pursuant to 15 U.S.C. § 1681*o*(a)(2), award costs of the action
12                 and reasonable attorney fees; and
13           c.    grant such other and further relief as the court deems just and
14                 proper.

## Count II.   Violation of FCRA
### *Willfully Obtaining Consumer Report*
### *Without  Permissible Purpose*

18    35.    Plaintiff incorporates the preceding paragraphs.
19    36.    Defendants acted willfully in requesting and obtaining McMillen's
20           consumer report without a permissible purpose.
21    37.    Defendants' conduct in willfully obtaining McMillen's consumer
22           reports without a permissible purpose violated 15 U.S.C. §1681b(f).
23    38.    As a result of Defendants' violation of the FCRA, McMillen has
24           suffered actual damages, including, including, but not limited to,
25           invasion of privacy, emotional distress, extreme frustration, anger,

- 5 -

1  worry, anxiety, sleeplessness, and other extreme emotional distress.

2  39.  WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendants as follows:

    a.  pursuant to 15 U.S.C. § 1681n(a)(1)(A), award Plaintiff his actual damages, or in the alternative, statutory damages of not less than $100 and not more than $1,000 for each violation of the FCRA, whichever is greater;

    b.  pursuant to 15 U.S.C. § 1681n(a)(2), award such punitive damages as the Court deems appropriate;

    c.  pursuant to 15 U.S.C. § 1681n(a)(3), award costs of the action and reasonable attorney fees; and

    d.  grant such other and further relief as the court deems just and proper.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED:  September 30, 2020 .

    s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff